IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| CAMERON DAVIS #273132 | PLAINTIFF |

V.                    Case No. 4:24-CV-00628-LPR-BBM

| | |
|---|---|
| ERIC HIGGINS, Pulaski County Sheriff, Pulaski County Regional Detention; NELSON, Jail Administrator, Pulaski County Regional Detention; and BARRY HYDE, Quorum Court Judge, Pulaski County Quorum Court | DEFENDANTS |

## **RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.    DISCUSSION**

On July 23, 2024, Plaintiff Cameron Davis ("Davis"), an inmate in the Pulaski County Regional Detention Facility ("PCRDF"), along with sixteen fellow inmates, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of their constitutional rights. (Doc. 1). The Complaint was severed into seventeen separate lawsuits and, by order

dated July 26, 2024, Davis was directed to either file a motion to proceed *in forma pauperis* ("IFP Motion") or pay the $405 filing and administrative fees within thirty days, as required by 28 U.S.C. § 1915. (Doc. 3). The Order directed the Clerk's office to mail Davis an IFP Motion and ordered detention center officials to assist Davis in completing the necessary forms. *Id*. at 3. Importantly, the Court informed Davis of his duty, under Local Rule 5.5(c)(2), to diligently prosecute his case and cautioned Davis that, if he failed to timely comply with the Order, his case would be dismissed without prejudice. *Id*. at 1–3.

Specifically, under Local Rule 5.5(c)(2), Davis has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Davis, is not responded to within 30 days, the case may be dismissed, without prejudice. *Id*.

Davis has not complied with the July 26 Order, and the time to do so has passed. Accordingly, this Court recommends that his Complaint be dismissed, without prejudice, for failure to prosecute.

## II.   CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1.   Davis's Complaint (Doc. 1) be DISMISSED without prejudice for failure to prosecute.

2.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 6th day of September, 2024.

*Benecia Moore*
_____
UNITED STATES MAGISTRATE JUDGE